# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DARYL E. DIEMER, | ) |
|         Movant, | ) Crim. No. 08-00302-01-CR-W-FJG |
| v. | ) Civil No. 16-00092-CV-FJG |
| UNITED STATES OF AMERICA, | ) |
|         Respondent. | ) |

## ORDER

Pending before the Court is Movant's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1). Movant seeks to be resentenced under the Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), as movant argues he does not qualify under Johnson as an armed career criminal.

### I. BACKGROUND

On March 10, 2009, movant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On June 17, 2009, this Court sentenced movant to 180 months in prison, and five years of supervised release, after finding that he had at least three qualifying convictions that supported imposition of a sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The presentence report asserted that each of the following convictions qualified as a "violent felony" under the ACCA: one count of Missouri robbery in the second degree, one count of Missouri burglary in the second degree, one count of Kansas burglary, and one count of Kansas attempted aggravated burglary. Movant argues that his convictions for Missouri robbery in the second degree and Missouri burglary in the second degree fall under the residual clause of the ACCA, which was found unconstitutionally vague in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).[1] Movant, therefore,

---

[1] Movant does not challenge the classification of his convictions for Kansas burglary and Kansas attempted aggravated burglary as violent felonies under the ACCA.

asks this Court to vacate his previous sentence of 180 months and resentence him without application of the ACCA. The government opposes this motion. See Doc. No. 5. The Court, therefore, must determine whether Movant's prior Missouri robbery or burglary convictions qualify as predicate offenses in light of Johnson; as long as one of those convictions qualifies, Movant's sentence stands.

## II. DISCUSSION

### A. Missouri Robbery in the Second Degree

Robbery is not an enumerated offense under 18 U.S.C. § 924(e)(2)(B), and therefore only qualifies as a predicate offense if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). Missouri's second-degree robbery statute is indivisible, and therefore the Court applies the categorical approach to determine whether Movant's prior conviction qualifies as a predicate offense. See R.S.Mo. §§ 569.010, 569.030; Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276, 2281 (2013); Robinett v. United States, No. 16-00155-CV-W-GAF, 2016 WL 2745883, *2 (May 11, 2016). Under the categorical approach, "a court assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.' " Johnson, 135 S. Ct. at 2557 (2015) (quoting Begay v. United States, 553 U.S. 137, 141 (2008)).

Under the ACCA, a violent felony is defined as any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). Physical force under the ACCA means "*violent* force – that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). Under Missouri law, "[a] person commits the crime of robbery in the second degree when he forcibly steals property." R.S. Mo. § 569.030. "[A] person 'forcibly steals', and thereby commits robbery, when, in the course of stealing, . . . he uses or threatens the immediate use of physical force upon another person for the purpose of: (a) [p]reventing or overcoming resistance to the

2

taking of the property or to the retention thereof immediately after the taking; or (b) [c]ompelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft." R.S. Mo. §569.010(1).

Although Missouri's second degree robbery statute seems to track the language regarding "force" used by the ACCA, movant argues that certain Missouri courts have held that "forcible stealing" may be accomplished through less force than necessary to meet the physical force element of the ACCA. For instance, in State v. Childs, 257 S.W.3d 655, 660 (Mo. Ct. App. 2008), the Missouri Court of Appeals found that simply snatching property away from another person was not sufficient to meet the force requirement of the second-degree robbery statute, but found that "tussling" with a victim over her keys met the required level of force (noting that tussle means "to fight, struggle; contend, . . . wrestle, [or] scuffle," id.). In State v. Harris, the court stated that "seizing and trying to free . . . clothing [from another's grasp] was sufficient to the forcible stealing of 569.030 . . . even though the person of the victim was not touched by the defendant." 622 S.W.2d 742, 745 (Mo. Ct. App. 1981). However, as noted by Judge Fenner recently,

> Harris was decided in 1981, twenty-seven years before Childs was decided by the same court. In Childs, the Missouri Court of Appeals specifically stated that "[t]he sudden taking or snatching of property is not sufficient to support a second—degree robbery conviction[, w]here there is no evidence of physical contact with the victim ...." Childs, 257 S.W.3d at 660. Thus, even if Harris stood for the proposition that Missouri second-degree burglary could be achieved without touching the victim, that is no longer good law. Accordingly, both the definition of Missouri's second-degree robbery statute and the manner in which it has been applied meet the ACCA's definition of a violent felony. As a result, Movant's prior Missouri second-degree robbery conviction qualifies as a predicate offense.

Robinett, 2016 WL 2745883, at *3.

This Court concurs with Judge Fenner that Missouri second-degree robbery qualifies as a predicate offense under the ACCA. As movant already has two other predicate offenses, he is not entitled to relief under Johnson. Moreover, given that the Court has found Missouri second-degree robbery to be a predicate offense under the ACCA, the Court declines to consider whether Missouri second-degree burglary qualifies as generic burglary under the ACCA.

### III. CONCLUSION

For these reasons, it is hereby **ORDERED** that: (1) the Movant's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**; (2) an evidentiary hearing is not necessary because Movant's claims are inadequate on their face; and (3) a certificate of appealability will not issue because Movant has not made a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED.**

Date: June 23, 2016  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge